IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. 07-00370 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JACQUELINE A. MARATI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

Before this Court, pursuant to a designation by United
States District Judge J. Michael Seabright, is Defendant
Jacqueline A. Marati's ("Marati") Motion For Transfer of Venue
("Motion"), filed October 17, 2007.  Plaintiff Hoolae Paoa
("Plaintiff") filed his memorandum in opposition to the Motion on
November 9, 2007, and Marati filed her reply memorandum on
November 16, 2007.  The Court finds this matter suitable for
disposition without a hearing pursuant to Rule LR7.2(d) of the
Local Rules of Practice of the United States District Court for
the District of Hawai`i ("Local Rules").  After careful
consideration of the Motion, supporting and opposing memoranda,
and the relevant legal authority, the Court HEREBY FINDS AND
RECOMMENDS that Marati's Motion be GRANTED for the reasons set
forth below.

**BACKGROUND**

In July 2006, there was a petition drive in Guam to

certify an initiative for the November 2006 election.  The
proposed initiative would legalize the operation of slot machines
in a facility known as the Guam Greyhound.  Defendant Lina'la Sin
Casino[1] ("Lina'la") conducted an investigation into the
backgrounds of the initiative and its organizers.  Defendant
Jacqueline A. Marati ("Marati"), a member of Lina'la, wrote a
press release discussing the background and history of the owners
of the Guam Greyhound and the proponents of the initiative.  The
title of the press release states:

> GREYHOUND BACKERS PART OF GROUP FINED
> $622,820 IN DC SIGNATURE BUYING SCHEME FOR
> SLOT LEGALIZATION
>
> GROUP DENIED OR FAILED TO OBTAIN GAMBLING
> LICENSES IN 5 STATES DUE TO FINANCIAL
> IRREGULARITIES

[Motion, Exh. 1 to Decl. of Jacqueline A. Marati, at 1 (emphasis
in original).]  The press release states that the individuals
behind the Guam petition drive "have a history of coming in to a
distressed race track facility, financing a rushed signature
buying drive, getting the slots legalized and then selling the
property."  [Id.]  The press release identifies Plaintiff as one
of these individuals and states that he was in Guam to organize
the petition drive and that he "is a convicted felon with a

---

[1] Lina'la Sin Casino, which means Life Without Casinos, is a
Guam non-profit organization whose purpose is to lobby, campaign,
and oppose attempts to legalize gambling in Guam.

history of convictions since 1978.  Offenses include thefts,
domestic violence and assault, criminal contempt of court."  [Id.
at 2.]

On August 4, 2006, Plaintiff commenced the instant
action against Marati and Lina`la (collectively "Defendants") in
the First Circuit Court for the State of Hawai`i.  The Complaint
alleges that Defendants circulated the press release in Guam and
Hawai`i and that it:

> falsely alleged that Plaintiff committed acts of
> moral turpitude and violated the law.  The press
> release also included numerous false and
> defamatory allegations that other individuals
> associated with Plaintiff had participated in
> fraudulent schemes to legalize gambling, with the
> intention that these false and defamatory
> statements be imputed to Plaintiff's actions and
> character, and to falsely imply that Plaintiff was
> participating in a fraudulent or unlawful scheme
> to legalize gambling in Guam.

[Complaint at ¶ 6.]  The Complaint alleges claims for defamation,
false light - invasion of privacy, and intentional infliction of
emotional distress.  Plaintiff seeks general, special, and
punitive damages, prejudgment interest, attorney's fees and
costs, and any other appropriate relief.

On September 5, 2006, Marati filed a motion to dismiss
for lack of personal jurisdiction and improper venue, which the
state court denied on January 26, 2007.  On July 11, 2007, Marati
removed the case to federal court on the basis of diversity
jurisdiction.

3

Marati filed the instant Motion on October 17, 2007, requesting a transfer of venue to the District of Guam.

### STANDARD

Section 1404(a) of Title 28 of the United States Code governs venue.  It provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2]  The purpose of the section is to "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).  Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc.

---

[2]  28 U.S.C. § 1391(a) states:
> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

v. Ricoh Corp., 487 U.S. 22, 27 (1988) (citation and internal

quotation marks omitted).

    The Ninth Circuit has stated that courts must weigh

multiple factors in considering a motion for change of venue.

See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.

2000).  These factors include:

> (1) the location where the relevant agreements
> were negotiated and executed, (2) the state that
> is most familiar with the governing law, (3) the
> plaintiff's choice of forum, (4) the respective
> parties' contacts with the forum, (5) the contacts
> relating to the plaintiff's cause of action in the
> chosen forum, (6) the differences in the costs of
> litigation in the two forums, (7) the availability
> of compulsory process to compel attendance of
> unwilling non-party witnesses, and (8) the ease of
> access to sources of proof.

Id. at 498-99 (internal footnotes omitted).

### DISCUSSION

    Marati argues that venue is properly in the District of

Guam because Plaintiff could have brought the instant action in

Guam since Defendants both reside in Guam and the events giving

rise to Plaintiff's claims occurred in Guam.  Marati contends

that a transfer of venue is proper because Hawai`i is an

inconvenient forum for all parties and witnesses involved.

Litigating the case in Hawai`i will place a heavy burden on

Marati because she lives and works in Guam, which is 3,815 miles

from Hawai`i.  Further, Plaintiff currently lives is Saipan,

which is only 138 miles from Guam.  He is also the manager of

Tumon Partners, LLC, which has its principal place of business in Saipan and is involved in transactions concerning Guam.  The cost of travel between Guam and Saipan is significantly less than that between Hawai`i and Saipan.[3]  Marati therefore argues that Guam would be a more convenient forum for her and for Plaintiff.

Marati also argues that the convenience of the non-party witnesses is paramount and strongly favors transfer to Guam.  Plaintiff identified thirty-two non-expert witnesses in his pretrial statement, one of whom is a representative(s) of Lina'la.  [Exh. C to Motion at 5-9.]  Marati states that all of Lina'la's members reside in Guam.  Plaintiff did not provide addresses for the witnesses that he listed however, based on a comparison with the witnesses Marati identified in her pretrial statement, [Exh. D to Motion at 5-12,] the majority of Plaintiff's witnesses are from Guam and two are from Saipan.  Marati contends that Plaintiff did not name any witnesses from Hawai`i.  Marati identified forty non-expert witnesses, thirty-six of whom reside in Guam and two of whom reside in Saipan.  The other two are custodians of records in Honolulu.  Marati also notes that the district court's subpoena power only extends 100 miles.  Thus, if this case goes to trial, many witnesses may be

---

[3] According to Marati, a round-trip flight between Guam and Saipan takes one hour and costs $229.40.  A round-trip between Guam and Hawai`i takes fifteen hours and thirty minutes and costs $1,450.00.  [Mem. in Supp. of Motion at 6 n.2.]

unavailable and the parties will have to incur significant expense to preserve those witnesses' testimony.

Marati further argues that the interests of justice favor transfer. The public interest factors weigh in favor of transfer because the instant case arose from the press release which related to an initiative for the November 2006 election in Guam. Thus, none of the events which gave rise to Plaintiff's claims occurred in Hawai`i, nor did the issues concern Hawai`i residents. Marati argues that the citizens of Hawai`i have no connection to this case and that it would be unfair to impose jury duty upon the people of Hawai`i. She also notes that there are two related cases pending in the Superior Court of Guam, <u>Greyhound, et al. v. Marati</u>, Civil No. 0959-06, and <u>Greyhound, et al. v. Brizill</u>, Civil No. 0960-06.[4]  In addition, even if the district court retains the case, it may have to apply Guam substantive law. Transfer is therefore appropriate to avoid

---

[4] In Civil No. 0959-06, Guam Greyhound and John Baldwin sued Marati alleging virtually identical claims as those raised in the instant case. Marati filed a motion to dismiss their complaint for failure to state a claim upon which relief may be granted based on Guam's anti-SLAPP statute, which she alleges immunizes her from liability because she was engaged in speech that is protected under the statute. The motion was still pending when Marati filed the Motion.

In Civil No. 0959-06, Guam Greyhound and Baldwin sued Dorothy Brizill, the head of a community watch group, for defamation and libel based on Marati's press release and Brizill's comments regarding the slot machine initiative. The trial court granted Brizill's motion to dismiss based on the anti-SLAPP statute.

7

inconsistent rulings.

Marati additionally argues that the private interest factors favor transfer.  She argues that the party and non-party witnesses would face considerable burdens of time and expense traveling to Hawai`i.  There is a sixteen-hour time difference between Hawai`i and Guam and Marati argues that coordinating all of the schedules of the out-of-state witnesses will interfere with the expedient litigation of this case.  Thus, it would be more efficient and expeditious to litigate the case in Guam.

Finally, Marati notes that the relative access to sources of proof and the possibility of viewing the subject premises are inapplicable.

Plaintiff filed his memorandum in opposition on November 9, 2007.  He emphasizes that the state court denied Marati's motion to dismiss for lack of personal jurisdiction and improper venue and he argues that the instant Motion is an attempt "to circumvent the [state court's] prior ruling and to re-litigate the issue of whether venue is proper in Hawai`i." [Mem. in Opp. at 2.]  Plaintiff devotes the majority of his memorandum to arguments regarding the propriety of venue in Hawai`i.  The instant Motion, however, does not argue that venue is improper in Hawai`i, but merely that venue is more appropriate in Guam.  <u>See</u>, <u>e.g.</u>, Mem. in Supp. of Motion at 3 ("a Court may transfer a <u>properly laid action</u> to another federal forum if (1)

8

the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice and (2) if the action could have been brought in the transferee court." (emphasis added) (citation and quotation marks omitted)).

Although Marati alleges that the press release was only sent to Guam persons and entities, Plaintiff argues that at least one of the Guam businesses is headquartered in Hawai`i and that Defendants sent the press release to residents of, or persons in, Hawai`i.  Further, Defendants intended that the media accounts be republished or rebroadcasted in Hawai`i and that accounts posted in the internet be read by persons in Hawai`i.  He also notes that several, if not all, of the news media entities that received and reported on the press release have a large number of subscribers or readers in Hawai`i.  Thus, Plaintiff argues that he was damaged in Hawai`i because he is from Hawai`i and was living there during the relevant time period.  He contends that the State of Hawai`i has a compelling interest in providing redress when its residents are tortiously injured.

Plaintiff states that most, if not all, of the potential witnesses regarding damages either are Hawai`i residents or travel to Hawai`i regularly.  Jim Baldwin, Vicki Scott, Howard Kihune, and Sidney Fuke are Hawai`i residents.  John Baldwin is a Saipan resident who travels to Hawai`i regularly, as does Shawn Scott, who is apparently not a

resident of either Hawai`i, Guam, or Saipan.  [Mem. in Opp. at 10 n.3.]  Thus, Plaintiff argues that it would not be prohibitively expensive or difficult to litigate the case in Hawai`i and that Marati has not demonstrated that the inconvenience of litigating in Hawai`i warrants upsetting Plaintiff's choice of forum.

Marati filed her reply on November 16, 2007.  She states that Plaintiff's arguments are misplaced because the Motion does not seek dismissal based on improper venue.  For purposes of the Motion, Marati does not contest that venue is proper in Hawai`i (although she reserves the right to appeal the denial of the motion to dismiss).  Marati seeks a discretionary transfer of venue based on the convenience of the parties and witnesses and the interests of justice.  Marati reiterates that the weight of the relevant factors favors transfer to Guam.  The fact that Plaintiff resided in Hawai`i at the time of the claim is not a factor in this determination.  Marati points out that Plaintiff did not address the argument that his residence in Saipan makes litigation in Guam more convenient.  Although Plaintiff asserts that some of his potential witnesses reside in Hawai`i, he provides no affidavits or declarations to this effect.  In particular, John Baldwin is already a plaintiff in two actions in Guam.  Further, Plaintiff did not address the other factors relevant to a transfer of venue.

Marati puts forth several reasons favoring many of the factors that this Court must consider in order to determine whether or not to transfer venue.  Marati's arguments that the witnesses are predominately from Guam or Saipan, the events giving rise to the claims in the instant action took place in Guam, and that the substantive law of Guam may have to be applied support findings in her favor on four out of the eight factors; namely, that Guam is the district that is most familiar with the governing law, the respective parties' contacts with the District of Guam are substantially more than any contacts with the District of Hawai`i, the lack of available compulsory process to compel many (if not most) of the witnesses' attendance if the trial was held in the District of Hawai`i, and the differences in the cost of litigation in the two forums.

There are two factors which favor Plaintiff's position, and these are the plaintiff's choice of forum, and the ease of access for Plaintiff to sources of proof.

The two remaining factors, the location where the relevant agreements were negotiated and executed, and the contacts relating to the plaintiff's cause of action in the chosen forum, are neutral at best.  There does not appear to be any issue involving relevant agreements being negotiated and, since Plaintiff's cause of action stems from a press release which can be disseminated world-wide through the internet, an

11

argument can be made for either forum.

It is clear that Marati "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" <u>Resnick v. Rowe</u>, 283 F. Supp. 2d 1128, 1144 (D. Hawai'i 2003) (quoting <u>Miracle v. N.Y.P. Holdings, Inc.</u>, 87 F. Supp. 2d 1060, 1073 (D. Hawai'i 2000)). The Court finds that she has done so. Unlike the defendant in <u>Miracle</u>, Marati is not a large corporation that is better able to bear the burden of litigating in a distant forum. This Court concludes that Marati has demonstrated that litigating in Hawai'i would be expensive and difficult, which for an individual or small business would make it prohibitive.

<strong><u>CONCLUSION</u></strong>

In accordance with the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the district judge GRANT Marati's Motion For Transfer of Venue, filed October 17, 2007.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, November 26, 2007.



     /S/ Leslie E. Kobayashi
     Leslie E. Kobayashi
     United States Magistrate Judge

**HOOLAE PASO V. JACQUELINE A. MARATI; CIVIL NO. 07-00370 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

12